W. H. GORDON, *Appellee*, v. R. S. ELLIOTT, *Appellant*.

No. 18,313.

### SYLLABUS BY THE COURT.

CONTRACT—*Expense of Moving Drilling Outfit—No Expense— No Recovery.* A well-drilling rig was set up by the owner, with which drilling was done upon defendant's farm until he ordered the work to stop. A clause in the contract provided that the defendant should allow the expense of moving out the drilling outfit, not exceeding the cost of transporting it from Humboldt to the defendant's farm in Morton county. Without removing the rig from the place where the work had been done, the plaintiff demanded that the defendant should ship it back to Humboldt, and upon refusal to do so sued to recover what the expense of such removal, if made, would have been. The defendant did not assume the responsibility of shipping the apparatus and was only bound to pay the necessary expense thereof in case it should be removed by the defendant. As such removal has not been made, and no expense has been incurred, the plaintiff can not recover.

Appeal from Morton district court; WILLIAM H. THOMPSON, judge. Opinion filed October 11, 1913. Reversed.

*Solon W. Smith,* of Oklahoma City, Okla., for the appellant.

*F. J. Oyler,* of Iola, for the appellee.

The opinion of the court was delivered by

BENSON, J.: The plaintiff recovered judgment for the anticipated expense of removing a well-drilling outfit from the defendant's farm to a former location, upon the following facts: The plaintiff submitted a proposition to the defendant to remove the outfit from Humboldt to the defendant's farm in Morton county and drill a well there upon payment of the expenses of removal and $1 per foot for drilling one thousand feet, unless water should be found at a less depth, the de-

fendant to have the right to stop the drilling at any time. The proposal contained the following clause:

"If no water is obtained short of one thousand feet and you elect to go no deeper, and I do not succeed in obtaining other similar work in that section of the country and am compelled to move the drilling outfit away, you are to allow me the expense of moving out to an amount not exceeding that paid for transporting the machinery from Humboldt to your land, provided that I move the plant far enough away to make the cost of transportation equal to the sum of transporting it in, but in no event will you be liable to me more than the sum allowed for moving to your land from Humboldt."

The proposition was accepted.

The rig was moved to the farm and drilling was done under the agreement to a depth of over eight hundred feet, when it was discontinued by order of the defendant. The evidence tended to prove that plaintiff was unable to obtain other similar work in the vicinity, but could have obtained such work at Humboldt if the rig had been returned to that place. He requested and demanded the shipment of the rig back to Humboldt. The demand was refused, and the rig was left on the defendant's farm where the drilling had been done, and remained there at the time of the trial, as the jury found. The verdict was for the amount of the expenses that would have been incurred by a compliance with the demand.

The only question to be decided is whether the plaintiff can recover the anticipated expense of a removal which has not been made. The contract was to allow the expense of moving the outfit away. No expense was incurred, however, for the removal had not been made. The demand upon the defendant involved taking down and preparing the apparatus for transportation, and the necessary arrangements for carriage, involving responsibilities not assumed by the defendant in the contract. The plaintiff had the right, if he saw

fit, to remove the machinery to Humboldt or else-where, and if he had so removed it the defendant would have been liable for the necessary expense within the stipulated limitations, but he did not remove it, and did not incur the expense. Therefore he had no valid claim for imbursement.

The question was fairly presented by a demurrer to the evidence and a motion for judgment on the findings.

The judgment is reversed and the cause remanded with directions to render judgment for the defendant upon the special findings.